IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN P. MANSFIELD, JR., MICHAEL W. BALLARD, JERRY H. GALLUD, MICHAEL GLAWE, DENNIS HOLMAN, RICHARD E. MILLER, JR., and PAUL W. WHITEFORD, JR., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AIR LINE PILOTS ASSOCIATION INTERNATIONAL, and UNITED AIRLINES, INC., Intervenor, <br><br> Defendants. | No. 06 C 6869 <br><br> Judge Matthew F. Kennelly <br><br> Magistrate Judge Ashman |

## FINAL JUDGMENT AND ORDER

On December 14, 2009, this Court[1] held a hearing to determine: (1) whether the Settlement of this Action as set forth in the Settlement Agreement between Plaintiffs and Defendant Air Line Pilots Association, International ("ALPA" or "Defendant") (collectively, the "Parties") dated October 18, 2009 ("the Settlement Agreement")[2] should be finally approved as fair, reasonable, and adequate; (2) whether the Plan of Allocation is a fair and reasonable method of allocating the Aggregate Settlement Fund to Class Members; (3) whether and in what amount an award of attorneys' fees and

---

[1] On October 22, 2009, pursuant to 28 U.S.C. §636(c), the parties consented to reassign this Action to Magistrate Judge Martin C. Ashman for final judgment regarding Plaintiffs' Memorandum in Support of Final Approval, Counsel's Petition for Attorneys' Fees, Costs, and Expenses, and any Responses to Objections. See Doc. 349. On October 26, 2009, the Executive Committee ordered that this Action be reassigned to Magistrate Judge Ashman for the aforementioned proceedings. See Doc. 351.

[2] All capitalized terms have the same meanings as set forth and defined in the Settlement Agreement, unless defined differently herein.

- 2 -

reimbursement of costs should be made to counsel for the Plaintiffs; the Court having considered all materials submitted to it at the hearing and otherwise; and it appearing that the Notice of Proposed Settlement of Class Action ("Notice") of the Final Hearing was given in accordance with the Court's Order Preliminarily Approving Settlement Agreement and Providing for Notice ("Preliminary Approval Order") to all Class Members, and that the Notice was the best notice practicable and was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Settlement Agreement; and an opportunity to be heard having been given to all other persons and entities desiring to be heard as provided in the Notice; and the Court having considered and determined the fairness, reasonableness, and adequacy of the entire matter of the Settlement Agreement and of the award of attorneys' fees, and reimbursement of costs and expenses.

NOW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court, for purposes of this Final Judgment and Order, adopts all defined terms as set forth in the Settlement Agreement.

2. The Court has jurisdiction over Plaintiffs, Defendant and Class Members for purposes of the proposed Settlement, and that the Court has subject matter jurisdiction to approve the Settlement Agreement.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court has certified by Opinion and Order dated July 9, 2007, a class defined as:

> All active United Airlines pilots as of January 1, 2005, who would have received more from the allocation of the Pilot Note proceeds under a Gap 1 methodology than under the Gap 2 methodology used by ALPA.

Doc. 103. The certification order was reaffirmed for purposes of the proposed settlement in the Preliminary Approval Order. The Court once again reaffirms the certification order for the purposes of the Settlement of this Action.

4. The Notice of Proposed Settlement of Class Action ("Notice") has been given to Class Members, pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice was filed with the Court by Class Counsel, and full opportunity to be heard has been offered to all Parties, the Class Members, and persons and entities in interest, all in accordance with Court-approved procedures.

5. The form and manner of the Notice are hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23, due process, and of any applicable law, and constituted due and sufficient notice to all persons and entities entitled thereto, and all Class Members other than the "opt outs" listed in Plaintiffs' Status Report Regarding Exclusions From and Objections to Proposed Settlement (Doc. 363) are bound by the Final Judgment and Order herein.

6. The Settlement set forth in the Settlement Agreement, and all transactions preparatory or incident thereto, are the product of substantial, good faith, arm's length negotiations between and among the Parties and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement is approved as fair, reasonable, and adequate, and in the best interests of Class Members. The Parties to the Settlement Agreement are hereby authorized and directed to comply with and to consummate the Settlement Agreement in accordance with its terms and provisions.

7. Section II.A(i) of the Settlement Agreement is amended to provide that ALPA shall cause to be paid the sum of Forty Four Million United States Dollars (US$44,000,000 "the sum") into an interest-bearing escrow account at the Financial Institution (to be selected by Class Counsel with Defendant's approval not to be unreasonably withheld) on the first to occur of (1) the fifty-first (51st) calendar day following the entry of the Final Judgment and Order, if there is no timely appeal; or (2) the ninety-first (91st) calendar day following entry of the Final Judgment and Order if there was a timely appeal from entry of the Final Judgment and Order. The escrow agreement shall be agreed by Plaintiffs and Defendant and shall provide that all expenses of the escrow account and taxes, estimated taxes, and tax penalties with respect to income earned by the sum shall be borne by the escrow account. The escrow agreement shall further provide that the sum inclusive of interest or other income, less expenses of the escrow to be paid from such income, shall be returned to ALPA in the event the Final Judgment and Order is reversed or otherwise set aside in whole or in part by an appellate court of competent jurisdiction, the time for any further appellate review of that decision has passed, and the parties hereto have not within 14 days of such reversal entered into an amendment of the Settlement Agreement and promptly sought any necessary court approvals. The escrow agreement shall further provide that the approved fees and expenses and the Plan of Allocation, together with interest or other income earned by the sum less expenses of the escrow, shall be paid and followed promptly if there is no timely appeal after entry of the Final Judgment and Order or, if there is a timely appeal, upon final dismissal of the appeal or final affirmance of the Final Judgment and Order following the appeal.

8. The First Amended Complaint for Damages ("Complaint") is hereby dismissed, with prejudice, and without attorneys' fees or costs, except as provided in this Final Judgment and Order.

9. "Released Parties" means Defendant and its past, present and future directors, officers, agents, representatives, members, attorneys, heirs, and employees and Plaintiffs and each Class Member, and their agents, representatives, heirs, and attorneys, who did not request to be excluded from the Class in accordance with the procedure set forth in the Notice of Proposed Settlement of Class Action.

10. "Released Claims" means any and all claims, causes of action, demands, rights, actions, suits, and requests for equitable, legal and administrative relief of any kind or nature whatsoever arising from or relating to facts alleged in the Action leading to or connected with the issuance of the Pilot Notes or the prior receipt by any Class Member of any share of the proceeds from the sale of the Pilot Notes, whether known or unknown, asserted or unasserted, that any member of the Class who has not timely excluded himself, herself, or itself from the Action, ever had, could have had, now has, or can, shall or may have in the future. However, the term "Released Claims" does not include the claims alleged by Class Members against Defendant in the currently pending litigation styled *Emory, et al. v. Bennett et al.*, no. 08-cv-2227 (D.D.C. Dec. 24, 2008), and Class Members' and Defendant's rights are preserved with respect to the *Emory* litigation. The term "Released Claims" in Section IV.A of the Settlement Agreement is amended to have the same meaning as set forth in this paragraph.

11. Plaintiffs and each Class Member, and their agents, representatives, heirs, and attorneys, who did not request to be excluded from the Class in accordance with the

procedure set forth in the Notice of Proposed Settlement of Class Action, are hereby deemed to have forever and fully released and discharged Defendant and its past, present and future directors, officers, agents, representatives, members, attorneys, heirs, and employees from all Released Claims, and are forever barred and enjoined from instituting, commencing, or prosecuting any Released Claim against Defendant.

12. Defendant and its past, present and future directors, officers, agents, representatives, members, attorneys, heirs, and employees are hereby deemed to have forever and fully released and discharged Plaintiffs and each Class Member, and their agents, representatives, heirs, and attorneys, who did not request to be excluded from the Class in accordance with the procedure set forth in the Notice of Proposed Settlement of Class Action, from all Released Claims, and are forever barred and enjoined from instituting, commencing, or prosecuting any Released Claim against Plaintiffs.

13. Plaintiffs and Class Members are hereby barred from suing Defendant and its past, present and future directors, officers, agents, representatives, members, attorneys, heirs, and employees with respect to any of the Released Claims.

14. The Plan of Allocation set forth in the Settlement Agreement is approved as fair, reasonable, and adequate, and Class Counsel are directed to administer the Settlement Agreement in accordance with its terms and provisions.

15. The Court finds that all persons and entities within the definition of the Class have been provided with an opportunity to remove themselves from the Settlement by executing and returning a Request for Exclusion in conformance with the terms of the Settlement Agreement and Notice. None of the persons or entities who have requested exclusion from the Class or this Settlement in the manner described in the Notice, or in

prior notices sent to the Class as authorized by the Court, is bound by this Final Judgment and Order. All persons and entities that have validly opted out of this Action are identified in Plaintiffs' Status Report Regarding Exclusions From and Objections to Proposed Settlement (Doc. 363).

16. In the event that the Settlement Agreement fails to become effective in accordance with its terms, or if this Court's Final Order and Judgment is reversed or set aside by appeal, then the Settlement Agreement terminates and becomes null and void except as otherwise provided in the Settlement Agreement, and the Parties shall return to their pre-settlement positions as provided for in the Settlement Agreement.

17. Class Counsel are hereby awarded attorneys' fees of $15,400,000.00, which is 35% of the Aggregate Settlement Fund, and reimbursement of costs and expenses in the amount of $ 986,589.50 [handwritten]. The reimbursement of Class Counsel's costs and expenses includes an estimate in the amount of $25,000.00 for the costs associated with the administration of the Settlement (the "Settlement Administration Costs"). Class Counsel shall be responsible for the payment of any costs related to the administration of the Settlement that exceed the Settlement Administration Costs, and shall retain any portion of the Settlement Administration Costs that remain after the Aggregate Settlement Fund has been fully distributed. Class Counsel is authorized to pay the attorneys' fees and expenses awarded herein from the Aggregate Settlement Fund promptly upon the payment by ALPA of the sum of Forty-Four Million Dollars (US$44,000,000.00) into an account at a federally-insured financial institution designated by Class Counsel consistent with the amendment to Section II.A.(i) of the Settlement Agreement reflected in paragraph 7 of this Final Judgment and Order.

18.     In making this award of attorneys' fees and reimbursement of costs and expenses to be paid from the Aggregate Settlement Fund, the Court has considered and found that:

- a. The Settlement has created a fund of $44,000,000.00 in cash and all Class Members will benefit from the Settlement Fund created by Class Counsel;

- b. 2,218 Notices were disseminated to Class Members indicating that Class Counsel was moving for attorneys' fees in the amount of 35% of the Aggregate Settlement Fund and for reimbursement of costs and expenses in an amount not to exceed $1 million, and only 17 objections were filed in accordance with the procedure in the Notice;

- c. The expenses and costs requested (including Class Counsel's estimate for the cost of the administration of the Settlement) are fair and reasonable;

- d. This Action involves complex factual and legal issues and Class Counsel prosecuted it for over four years until the eve of trial and, in the absence of a settlement, would have involved further lengthy proceedings with an uncertain resolution;

- e. Class Counsel achieved this Settlement with diligence, skill, and aggressive advocacy for Class Members;

f.  Had Class Counsel not achieved the Settlement, there would be a significant risk that Plaintiffs and Class Members may have recovered less or nothing from Defendant;

g.  Class Counsel devoted a great deal of time and expense to pursuing this Action on a contingency fee basis;

h.  Class Counsel's request for a fee award of 35% of the Aggregate Settlement Fund is consistent with awards in similarly complex cases in this and other jurisdictions, and accurately reflects the market rate for Class Counsel's services consistent with Seventh Circuit law; and

i.  The Settlement Agreement was negotiated at arm's length with no evidence of fraud or collusion.

19. The Court has considered the objections that were raised with respect to the Settlement and Class Counsel's requested attorneys' fees. The Court notes that it received only seventeen objections from a total of 2,218 Class members, or from less than .77% of the class. These objections were considered by the Court and overruled at the Final Approval Hearing conducted on December 14, 2009

20. The Court reserves continuing jurisdiction over this Action for the purposes of supervising the administration of the Settlement Agreement, distribution of the Aggregate Settlement Fund, and to enforce this Final Judgment and Order, as well as any and all disputes of any kind between the Parties or between a Party and a Class Member relating in any way to, or arising in any way out of, the Settlement Agreement, provided that such supervision does not include enforcement of ALPA's indemnity

agreement with United Airlines, Inc. and UAL Corp., attached as Exhibit F to the Letter Agreement.

21.     There is no just reason for delay in the entry of this Final Judgment and Order and immediate entry by the Clerk of the Court is expressly directed.

Dated: December 14, 2009

_____
Honorable Martin C. Ashman